**E-FILED**
Tuesday, 26 August, 2008  04:12:40 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | |
|---|---|
| IN THE MATTER OF: ) | |
| JAMES E. ROSE, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| MERCANTILE NATIONAL BANK OF ) | |
| INDIANA, as Trustee, J.R. CONSTRUCTION ) | |
| CO., and JOSEPH RAMACCI, ) | |
| ) | **Case No. 08-CV-2116** |
| Plaintiffs-Appellants, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES E. ROSE, ) | |
| ) | |
| Defendant-Appellee.        ) | |

## OPINION

This is an appeal from an Opinion entered by the United States Bankruptcy Court for the Central District of Illinois (Bankruptcy Case No. 05-94897) brought pursuant to 28 U.S.C. § 158(a).  In Adversary Case No. 06-9024, the Bankruptcy Court found in favor of Defendant, James E. Rose, and against Plaintiffs Mercantile National Bank of Indiana, J.R. Construction Co., and Joseph Ramacci.  Plaintiffs had brought an Amended Adversary Complaint in the Bankruptcy Court following a state court action in Indiana.  Defendant filed a Motion to Dismiss the complaint, which was granted by the Bankruptcy Court.

## BACKGROUND

This case arises from a business transaction and subsequent legal action in Indiana.  From the Bankruptcy Court Opinion and the briefs of the parties the following facts are established:

In 1994, Plaintiff Mercantile entered into a transaction with Jasper-Newton Utility (J-N),

in which Defendant and Robert Underwood were shareholders.  J-N Utility was an Indiana sub-S

corporation carrying out business as a public utility company.  J-N denied Mercantile's

application on the grounds that Mercantile fraudulently misrepresented the required water usage

on their application.

Plaintiffs sued J-N in 1995 based on the agreement to provide water and sewer services,

seeking damages against J-N for their refusal to provide services.  The case was assigned to

Judge Daniel J. Molter, but J-N moved successfully for a change of judge and Judge Small was

substituted.  Judge Small heard the trial but died before he could rule on the case.  Judge Molter

took the case back over and denied J-N's motion for change of venue.  On May 21, 1999, Judge

Molter heard the bench trial and on November 15, 2001, entered a judgment in Plaintiffs' favor

for $159,581.

J-N was sold to Water Services Company of Indiana, Inc. (WSCI) for $475,000 in

December 2001.  At the sale, Defendant and Underwood individually executed an indemnity

agreement in favor of WSCI.  Under the agreement, Defendant and Underwood jointly and

severally agreed to indemnify and hold harmless WSCI from any and all liabilities, claims,

damages, penalties, causes of action, and other costs and expenses imposed or incurred by reason

of Plaintiffs' lawsuit.  J-N then transferred $237,500 each to Defendant and Underwood.

On November 16, 2002, Plaintiffs filed a proceedings supplemental to collect on the

judgment containing fraudulent transfer claims against J-N, WSCI, Defendant, and Underwood

and sought attorneys' fees.  Plaintiffs claimed the transfer of the $475,000 from J-N to Defendant

and Underwood was fraudulent under Indiana's Uniform Fraudulent Transfer Act.  Ind. Code 32-

18-2-17.  Plaintiffs asserted that cash and assets had been transferred out of J-N to avoid paying

2

the judgment.  Defendant and Underwood again moved for a change of judge, which was denied.

On January 17, 2003, WSCI moved for summary judgment.  Defendant and Underwood filed

their answer to Plaintiffs' complaint on February 11, 2003.  On February 13, 2003, Plaintiffs

moved for summary judgment and simultaneously moved for leave to amend its complaint to add

a third claim for treble damages and attorneys' fees under the Crime Victim's Compensation Act

(CVCA).  On July 23, 2003, Defendant and Underwood tendered to the court $181,300.  The

next day, the court calculated damages of $180,811.83, representing the original judgment

amount plus statutory interest.

On August 11, 2003, Defendant and Underwood filed an objection to Plaintiffs motion to

amend the complaint, but the motion was granted by the court on November 26, 2003, dating the

order March 28, 2003.  The court ordered a bench trial for the fraudulent transfer claims and set

the CVCA claim for a later jury trial.  On March 24, 2004, as the bench trial on the fraudulent

transfer claims was set to take place, the court ruled that Defendant and Underwood were not

entitled to a jury trial and heard evidence on all of Plaintiffs' claims, including the CVCA claim.

The court entered judgment for Plaintiffs and awarded them treble damages of $542,435.49 and

attorneys' fees of $162,730.  The appellate court later affirmed Judge Molter's ruling.

The Supreme Court of Indiana, in a decision dated June 20, 2007, reversed the part of

Judge Molter's ruling concerning the CVCA claim.  The court found that Plaintiffs attempt to

seek new damages from Defendant and Rose did not fit the purpose of proceedings

supplemental.  Rose v. Mercantile National Bank of Hammond, 868 N.E.2d 772, 777 (Ind.

2007).  The court found that:

> "Allowing a new claim to be tacked on at this stage would be just as

3

unfitting as opening up any other litigation to add new claims of judgment.  Such

an approach to collections would lay the groundwork for perpetual motion-a far

cry from the timely and efficient system of conflict resolution the nation's

judiciary strives to provide.  Proceedings supplemental are appropriate only for

actions to enforce and collect existing judgments, not to establish new ones."

Rose, 868 N.E.2d at 777.

The court concluded that any action to assist in collection of an original judgment, such

as a proceeding supplemental, must be filed under the same cause number as the original action

and that conversely, any action that may result in imposition of a new judgment should be filed

under a new cause number.  Rose, 868 N.E.2d at 777.

Defendant had filed this Chapter 11 proceeding on October 14, 2005, at which time the

judgment for $542,435.49 in treble damages and $162,730 in attorneys' fees under the CVCA

had been rendered in Plaintiffs' favor with an appeal pending in the Indiana Court of Appeals.

On March 7, 2006, Plaintiffs filed an adversary proceeding to challenge the dischargeability of

the judgment awarding CVCA and attorneys' fees.  After the Indiana Supreme Court's reversal

of the CVCA claim in June 2007, Plaintiffs filed an Amended Complaint to Determine

Dischargeability on November 12, 2007.

In its Amended Motion Plaintiffs restated all the factual allegations against Defendant

that led to the original lawsuit and proceedings supplemental.  In Count I, Plaintiffs argued that,

pursuant to 11 U.S.C. § 523(a)(6), Defendant could not receive a discharge for any debt for

willful and malicious injury by Defendant to another entity or to the property of another entity

and that in the instant case, Defendant had wilfully and maliciously converted the assets of J-N

4

after the entry of the second judgment.  Plaintiffs asked for entry of judgment against Defendant

for all liability and amounts of damages arising out of the conversion of Plaintiff's property and

a determination that the indebtedness owed to Plaintiffs by Defendant constituted a non-

dischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

Count II alleged that Defendant, through false pretenses, false representations, and actual

fraud acted to prevent Plaintiff's collection of their judgment against J-N and that were it not for

the aforementioned fraud, Plaintiffs would have been able to collect on the debt of J-N resulting

from the judgment.  Plaintiffs stated that as of April 20, 2004, Defendant was indebted to

Plaintiffs for $711,490.34, the treble damages and attorneys' fees from the proceedings

supplemental.  Plaintiff asked the Bankruptcy Court to award them this amount.

Defendant filed a Motion to Dismiss Amended Adversary Complaint on December 14,

2007 pursuant to Federal Bankruptcy Rule 7012(b)(6) and Federal Civil Procedure Rule 12(b)(6)

for failure to state a claim upon which relief can be granted.  Defendant argued that Plaintiffs'

amended complaint asking for the treble damages and attorneys' fees must be dismissed because

the Statute of Limitations barred such an action and no action has tolled the Statute of

Limitations from running.  Specifically, Defendant argued that under the Indiana Criminal Code,

a claim under the CVCA was penal in nature and thus a 2-year Statute of Limitations applied.

The limitations period under the cause of action which Plaintiffs seek to pursue treble damages

began to accrue sometime in 2001 or 2002, when J-N was sold and the proceeds of the sale were

distributed to Defendant and Underwood.  Plaintiffs became aware of the transfer of assets prior

to November 2002, the latest point at which the Statute of Limitations could have been said to

begin running.  Therefore, Defendant argued, the Statute of Limitations would have run by

5

November 2004 on the CVCA claim, as the CVCA claim was not added to the Amended Adversary Complaint until 2007.

Plaintiffs filed a Response to Defendant's Motion to Dismiss Adversary Complaint, arguing that, under Indiana law, since the CVCA claim which was part of the proceedings supplemental had not been reversed until 2007, a 3-year Statute of Limitations commenced at that point, and Plaintiffs had until 2010 to bring the CVCA action in court.  Therefore, since the CVCA claim had been brought in 2003 and had been pending on appeal until the Indiana Supreme Court issued its 2007 ruling, the original Statute of Limitations that had begun running in November 2002 was tolled until a final appeals court ruling was handed down, which was done in 2007, at which point a new 3-year Limitations period began.

Defendant then filed a reply.  Following Defendant's reply, the Bankruptcy Court issued its opinion on the matter on March 6, 2008.  The court, applying Indiana law, found that the Statute of Limitations barred the award of treble damages and attorneys' fees under the CVCA and that no action had been taken by the Plaintiffs to toll the Statute of Limitations.  The court found that the Indiana Supreme Court's reversal of the CVCA claim in 2007 required commencement of a separate action under the CVCA and that the filing of the adversary proceeding in the instant case was Plaintiffs' first attempt to bring a new and separate action under the CVCA.  The court found that this was not timely, as the 2-year Statute of Limitations proscribed by Indiana law for claims that are penal in nature had expired.

The Bankruptcy Court acknowledged the argument advanced by Plaintiffs that the Indiana Journey's Account Statute would cause the CVCA claim not to expire until 2010, but rejected that argument, stating that:

6

"[t]his Court finds that the Plaintiff did not properly commence an action in the Indiana State Court, as was pointed out by the Indiana Supreme Court when it found that the trial court judge had 'improvidently' permitted the Plaintiff to amend the proceedings supplemental complaint to add the CVCA claim.  The Indiana Supreme Court further found that this was improper and that a new cause needed to have been filed to receive a new judgment.  The Indiana Supreme Court further stated that Plaintiff should have filed a new complaint with a new cause number and that that would have been the legally appropriate commencement of a CVCA claim.  The Plaintiff never filed a new complaint with a new cause number, and, therefore, [has] not met the requirements for commencing an action in order apply Indiana's Journey's Account Statute under Ind. Code § 34-11-8-1."

The court then granted Defendant's Motion to Dismiss, finding that as the claim for treble damages under the CVCA was time barred, it would be impossible to determine dischargeability of those damages.  Plaintiffs now appeal the Bankruptcy Court ruling.

ANALYSIS

On appeal, Plaintiffs contend that they commenced the CVCA action in a timely manner. Specifically, they argue that the action was "commenced" in the Indiana trial courts through the November 2002 proceedings supplemental and 2003 amendment, and that once it was reversed in 2007 by the Indiana Supreme Court, the Indiana Journey's Account Statute allowed a new action to be brought within 3-years of the reversal, and that for Statute of Limitations purposes it is to be considered a continuation of the original action commenced by Plaintiffs in November 2002.  In the alternative, Plaintiffs argue that the Adversary Complaint must be allowed to

continue as a "severed" state law claim.  Defendant argues that the Journey's Account Statute does not apply, as a separate action was never "commenced" under the law, as it was merely an amendment on a proceedings supplemental and that no severance of the claims should occur.

A Rule 12(b)(6) dismissal of an adversary complaint presents an issue of law that a reviewing court will review de novo.  In re Consolidated Industries, 360 F.3d 712, 716 (7th Cir. 2004).  Review is based on the complaint's contents and we must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  In re Hemmeter, 242 F.3d 1186, 1189 (9th Cir. 2001).  The complaint cannot be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Hemmeter, 242 F.3d at 1189.

The main issue to be decided in the instant case is whether the CVCA claim falls under the Indiana Journey's Account Statute.  If it does, and the claim is not time barred, it can proceed in the Bankruptcy Court, it's dischargeability can be decided, and the Bankruptcy Court judgment must be reversed.  If the claim does not qualify under the Journey's Account Statute, then the claim must be dismissed and the Bankruptcy Court affirmed, unless it can be severed.

The CVCA states as follows:

"If a person suffers pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss of the following:

(1) An amount not to exceed three (3) times the actual damages of the person suffering the loss.

***

8

(3) A reasonable attorney's fee."  Ind. Code § 34-24-3-1 (1), (3) (2008).

The CVCA is a statute that is largely penal in nature and thus has a 2-year Statute of Limitations attached to it.  Clark v. University of Evansville, 784 N.E.2d 942, 945 (Ind. Ct. App. 2003).  However, if Indiana's Journey's Account Statute applies, the Statute of Limitations on the CVCA claim will be 3-years, starting from the Indiana Supreme Court's judgment in 2007. The Journey's Account Statute states:

"Sec. 1. (a) This section applies if a plaintiff commences an action and:

(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

(2) the action abates or is defeated by the death of a party; or

(3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1) three (3) years after the date of the determination under subsection (a); or

(2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff."   Ind. Code § 34-11-8-1 (2008).

The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits and is to be construed liberally to protect such diligent suitors.  McGill v. Ling, 801 N.E.2d 678, 684 (Ind. Ct. App. 2004).

9

The key question, of course, is whether the CVCA claim that was added to the proceedings supplemental qualifies under the Journey's Accounts Statute.  We must determine if the amendment to the proceedings supplemental filed in 2003 qualifies as "commencing" an action under the Journey's Account Statute.

"An action is commenced, for limitations purposes at the time the complaint is filed and summons issued."  Slater v. Stoffel, 221 N.E.2d 688, 692 (Ind. Ct. App. 1966).  In the instant case, a summons was issued, but that summons was for the original proceedings supplemental in the fraudulent transfer claim in November 2002.  The CVCA claim was only added as an amendment to the proceedings supplemental.  No separate summons and no separate complaint with a new case number and cause of action was ever filed.  This was found by the Indiana Supreme Court to be inappropriate.  The fraudulent transfer claim was properly commenced, but the Indiana Supreme Court explicitly stated that "proceedings supplemental are appropriate only for actions to enforce and collect existing judgments, not to establish new ones" and that "any action that may result in imposition of a new judgment should be filed under a new cause number."  Rose, 868 N.E.2d at 777.  The CVCA claim was never properly "commenced," but rather added as an amendment to a properly commenced fraudulent transfer claim.  It should have been its own separate action as it sought a new judgment.  As pointed out in Defendant's brief, a separate cause of action for the CVCA claim was not filed until the 2006 Bankruptcy Court filing, well past the 2-year Statute of Limitations which would have expired in 2004.

Plaintiffs' cite to Slater v. Stoffel, 221 N.E.2d 688 (Ind. Ct. App. 1966) as evidence that all that is required to properly commence a case is a complaint and summons.  While that is true, the situation in Slater was distinguishable from that in the instant case.  In Slater the original

action was properly filed and commenced.  Here, the Indiana Supreme Court has ruled that the CVCA claim was improperly filed and that in order for it to be properly filed, it needed to be filed as a separate action under a new cause number.  A "complaint" and "summons" were filed for the fraudulent transfer claim, not the CVCA claim.  The CVCA claim was joined to the fraudulent transfer claim in a later amendment, however the judgment entered on that amendment was later reversed by Indiana's high court as the CVCA claim was not properly filed.  Unfortunately for Plaintiffs, and it may seem like a harsh result, since the action was never "commenced" within the statutory period, the Statute of Limitations does serve to bar their CVCA claim.  Plaintiffs have cited to no authority holding that an action, added as an amendment to a proceedings supplemental, and later found to have been improperly filed by a reviewing court, has been found to have "commenced" for the purpose of the Statute of Limitations and the Journey's Account Statute.  The Bankruptcy Court's ruling regarding the Statute of Limitations barring the CVCA claim is affirmed.

Plaintiffs, in the alternative, claim that after a decision that a claim should be severed and pursued separately the proper remedy is to permit the plaintiff to refile the claim and rerun the proceedings.  See Grupo v. Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 595 (2004).  However, this court agrees with Defendant's argument in his brief, that there is nothing to sever as the original CVCA claim in Indiana was not properly filed.  It was never commenced as an independent action.  The first proper commencement was in Bankruptcy Court in 2006, beyond the Statute of Limitations.

In conclusion, the Bankruptcy Court's granting of Defendant's Motion to Dismiss Plaintiff's Amended Adversary Complaint Pursuant to Federal Bankruptcy Procedure Rule

7012(b)(6) and Federal Civil Procedure Rule 12 is affirmed.

IT IS HEREBY ORDERED THAT THE JUDGMENT OF THE BANKRUPTCY

COURT BE AFFIRMED.

Affirmed.

ENTERED this 26th day of August, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE